UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JEFFREY A. MORRIS, ) | |
| ) | Civil Action No. 6:12-cv-04-GFVT-HAI |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| JOSEPH MEKO, Warden, ) | **ORDER** |
| ) | |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Petitioner Jeffrey Morris' pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, [R. 1], as well as his motion for an evidentiary hearing on the issue of equitable tolling, [R. 3 at 11-12]. Consistent with local practice, this matter was referred to Magistrate Judge Hanly A. Ingram, who filed a Report and Recommendation on May 17, 2012, recommending that Morris' motion be denied as untimely. [R. 8].

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the R&R or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at \*2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Morris filed timely objections to the Recommendation. [R. 346]. Although most of his objections are not sufficiently specific under the above criteria, the Court acknowledges its duty to review his filings under a more lenient standard than the one applied to attorneys because he is proceeding *pro se*. See *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Under a more lenient construction, some of Morris' objections are sufficiently definite to trigger this Court's obligation to conduct a *de novo* review. See 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Morris' objections will be OVERRULED.

I

On April 24, 2002, Jeffrey Morris, a former Pulaski County deputy sheriff, was charged together with two co-defendants in the shooting death of Pulaski County Sheriff Sam Catron. [*See Morris v. Commonwealth*, No. 2004-CA-002482, 2006 WL 1360517, *1 (Ky. Ct. App. Aug. 17, 2006), *available at* R. 6-7]. Morris pled guilty to complicity to commit murder on September 15, 2003, and the Pulaski Circuit Court entered judgment on that date and sentenced Morris to life without the possibility of parole for 25 years. [R. 6-3]. Morris did not appeal his conviction or sentence.

Since timing is at issue here, Judge Ingram's accurate recitation of the procedural background is particularly relevant:

> On August 30, 2004, Petitioner filed a motion for post-conviction relief pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure. (*See* D.E. 6-4; D.E. 6-5). The Pulaski Circuit Court denied his motion on October 27, 2004. (*See* D.E. 6-6). The Kentucky Court of Appeals affirmed on May 19, 2006, *Morris*, 2006 WL 1360517, at *4, and the Kentucky Supreme Court denied a motion for discretionary review on August 18, 2006 (*see* D.E. 6-8).

> Petitioner then filed a [second state post-conviction] motion to correct sentence pursuant to Kentucky Rule of Civil Procedure 60.02 on September 16, 2008. (See D.E. 6-9). The Pulaski Circuit Court denied his motion as failing to present any new allegations that could not have been raised in his Rule 11.42 motion or on appeal. (*See* D.E. 6-10). That order was affirmed by the Kentucky Court of Appeals on December 3, 2010. *Morris v. Commonwealth*, No. 2009-CA-001808-MR, 2010 WL 4905124, at *1 (Ky. App. Dec. 3, 2010), [*available at* R. 6-11]. On August 17, 2011, the Kentucky Supreme Court denied a motion for discretionary review. (*See* D.E. 6-12).

[R. 8 at 3]. Morris filed the instant § 2254 petition on January 10, 2012, alleging a number of ineffective assistance of counsel claims. [R. 1]. Judge Ingram ordered Morris to show cause as to why his petition should not be dismissed as untimely. [R. 2]. Morris responded, [R. 3], the United States replied, [R. 6], and Morris filed a sur-reply[1] to the Government's reply, [R. 6]. In his response, Morris moved for an evidentiary hearing on the issue of equitable tolling. [R. 3 at 11-12].

Judge Ingram filed his Recommendation on May 17, 2012, and recommended that Morris' petition be dismissed as untimely. Judge Ingram found, first, that Morris' petition was not filed within the one-year limitations period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996, even when properly taking into account the days when his first state post-conviction motion was pending. [*Id.* at 5]. He further found that, contrary to Morris' assertions, he was not entitled to statutory or equitable tolling. [*Id.* at 6-8, 9-12].

Judge Ingram's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of the case and the applicable standard of review for granting habeas relief pursuant to § 2254(d). Except for what the Court supplements in its discussion below, the Court incorporates his discussion of the record and the standard of review into this Order.

---

[1] Morris styled his sur-reply as a "Traverse." [R. 7].

3

II

Morris does not object to Judge Ingram's conclusion that his petition was not filed within the one-year AEDPA limitations period.  Rather, as before the Magistrate, he argues that he is entitled to statutory or equitable tolling.  Morris also argues that, contrary to the Magistrate's conclusion, an evidentiary hearing is warranted.  The Court considers each of these objections in turn.

A

Morris first[2] objects to the Magistrate's finding that he failed to prove that he was prevented from filing due to unlawful "State action" under 27 U.S.C. § 2244(d)(1)(B) for statutory tolling purposes.  Morris claimed in his Response to the Show Cause Order – and in his Objections – that FBI agents sought his cooperation in the investigation of a state judge and, in a letter addressed to his mother, allegedly "coerced" Morris and his mother to delay filing post-conviction petitions until their investigation was complete.  [R. 3 at 2, 4].  As Judge Ingram noted, Morris indicated that sometime before he filed his Rule 60.02 motion on September 16, 2008, the agents eventually told his mother that they would be unable to assist him in obtaining a reduction or reconsideration of his sentence.  [*See id.* at 3].  Judge Ingram found that Morris had failed to alleged sufficient facts to establish that he was "so inhibited by [the FBI agents' alleged coercion] that he was unable to file and state a legal cause of action before the limitation period expired."  [R. 7-8 (citing *Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003))].

Here, Morris fails to articulate a specific objection to the Magistrate's analysis, but reiterates the same arguments and objects generally to the Magistrate's conclusion.  A petitioner bears the burden of showing that he is entitled to statutory tolling based on some impediment

---

[2] Morris sets forth this argument in two separate objections, [R. 9 at 1-3], but since they are substantively similar, the Court has combined them in its analysis.

4

caused by State action. [R. 8 at 7 (citing *Newcomb v. Whitley*, Civ. Action No. 06-71-KKC, 2007 WL 2903112, at *4 (E.D. Ky. Sept. 28, 2007))]. As Judge Ingram noted, Morris failed to name the agents involved or describe – much less attach as an exhibit – the contents of the alleged letter requesting delay. [*Id.* at 8]. Morris has not provided any additional *specific* allegations about the nature or duration of the agents' alleged "interference," and he has not provided the letter or any affidavit recounting those events.

Further, even if the Court were to accept his allegations as true and find that statutory tolling was warranted, Morris' petition would still be untimely. Morris' own account indicates that any impediment they may have caused was removed sometime before the time that he filed his second state post-conviction motion on September 16, 2008. [*See* R. 3 at 3]. As Judge Ingram accurately explained, Morris waited 320 days after his conviction became final before he filed his first state post-conviction motion, which tolled the AEDPA statute of limitations during its pendency until August 17, 2006. [R. 8 at 5 (citations omitted)]. On that date, the limitations clock resumed running, and he had until only October 2, 2006 to file a § 2254 motion. [*Id.* at 6]. Morris' account states that the agents became involved in his case while his Rule 11.42 motion was pending. [R. 3 at 1-2]. He does not specify the date on which the FBI agents told his mother that they would be unable to assist Morris, but his Response indicates that it was before his September 16, 2008 second state post-conviction motion. [R. 3 at 3]. Even when generously accounting for statutory tolling in connection with the alleged state action here, by September 16, 2008 – much less by January 10, 2012, when Morris filed his petition in this Court – the one-year limitations period would have long-since elapsed. [*Accord* R. 8 at 7-8]. Since Morris has failed to show, in his filings before the Magistrate or in his Objections here, that the state action prevented him from filing a § 2254 petition *prior to October 2, 2006* (or even a later date if,

5

assuming *arguendo*, the Court were to permit tolling), *see Winkfield*, 66 F. App'x at 582, he is not entitled to statutory tolling.

B

Morris next objects to the Magistrate's finding that he failed to show "actual innocence" required to warrant equitable tolling, as well as the Magistrate's related determination that Morris' alleged mental incompetence was not an "extraordinary circumstance" justifying tolling. Morris argued in his Response to the Show Cause Order that he is "actually innocent" of complicity to commit murder because he was suffering from extreme emotional disturbance, a defense that his attorney did not explain to him prior to trial. [R. 3 at 7]. Morris contends that this mental incompetence lingered long after the events underlying the offense and prevented him from timely filing his § 2254 petition. [R. 3 at 10-11].

As to Morris' first ground, Judge Ingram noted that the mitigating defense of extreme emotional disturbance lowers the level of a homicide offense from murder down to manslaughter in the first degree. [R. 8 at 11 (citing Ky. Rev. Stat. §§ 50.020, 507.030)]. Since Morris "[did] not assert that he is *factually* innocent of murder, but only that the circumstances would have *legally* lowered the level of the offense of which he could have been convicted," Morris failed to satisfy the "actual innocence" standard. [*Id.* (citations omitted)]; *see Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005) ("[A]ctual innocence means *factual* innocence, not mere legal insufficiency." (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Morris objects to that reasoning, claiming that actual innocence can be established simply because he could have pursued this defense to murder. He cites *Sawyer v. Whitley*, 505 U.S. 333 (1992) for the proposition that a change in the degree of punishment can establish "actual innocence" for purposes of equitable tolling. Morris, first, grossly mischaracterizes the holding of *Sawyer*. The *Sawyer* Court actually held that in

order to establish that a petitioner is "actually innocent" of the facts underlying his death penalty sentence, he "must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." *Sawyer*, 505 U.S. at 336. Nothing in the opinion suggests that a legal defense that might have mitigated a sentence constitutes "factual" innocence. Moreover, this case does not involve a death sentence, and *Sawyer* is inapposite.[3] Morris' objection on this ground is without merit.

As to the extraordinary circumstances showing, Judge Ingram noted that equitable tolling on the basis of mental incompetence or disturbance is only available if a petitioner "demonstrate[s] that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Ata v. Scutt*, 662 F.3d 726, 742 (6th Cir. 2011) (citations omitted) ("[A] causal link between the mental condition and the untimely filing is required."). Judge Ingram found that Morris had failed to make the necessary causal link in showing how his mental disturbance or incompetence *actually prevented* him from pursuing habeas relief. [R. 8 at 12]. Morris claims that he has suffered from this mental disturbance since the time of the offense; Judge Ingram, however, noted that his claim for tolling on this ground is undermined by the fact that he timely filed his first state post-conviction motion while he was supposedly suffering from this mental disturbance. [*Id.*]

Morris does not provide any new evidence or authority, but simply reiterates the same arguments and objects to the Magistrate's conclusion on this ground. The Court, however, agrees with Judge Ingram's analysis and finds that Morris has failed to establish the requisite causal connection between his claimed emotional distress and mental disturbance and his failure to

---

[3] The Supreme Court later declined to apply *Sawyer*'s "clear and convincing" standard to procedurally defaulted challenges to a death penalty conviction in *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995), but that case is also inapposite for the same reason.

timely file his petition. "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations," *Ata*, 662 F.3d at 742, and that is essentially all that Morris has provided here. Indeed, as Judge Ingram pointed out, Morris' ability to timely file his first state post-conviction motion during the period of alleged disturbance undermines his claim. *See, e.g.*, *McSwain v. Davis*, 287 F. App'x 450, 458 (finding allegations of intermittent periods of incompetence since childhood were insufficient to establish a causal link). His objection on this ground is without merit, and the Court agrees with the Magistrate that Morris is not entitled to equitable tolling.

C

Finally, Morris objects to the Magistrate's recommendation that no evidentiary hearing is necessary. He cites the Sixth Circuit's opinion in *Ata v. Scutt* for the proposition that he is entitled to an evidentiary hearing on his alleged mental incompetence or disturbance. 662 F.3d at 742. The *Ata* Court recognized the general rule that "an evidentiary hearing need not be provided as of right," but found that in that particular case, the petitioner had presented "sufficiently specific allegations [that] would entitle the petitioner to equitable tolling on the basis of mental incompetence . . . ." *Id*. In *Ata*, the petitioner alleged that he had been hospitalized and medicated for paranoid schizophrenia and other psychoses, which prevented him from "understand[ing]" the one-year limitation. *Id.* at 743. The Court found that those allegations were specific enough to establish a causal link between the incompetence and the delay in filing. As discussed above, however, Morris' allegations are not specific enough to establish a causal connection between his alleged disturbance and his failure to file, and at any rate, his timely-filed first state post-conviction motion undermines the severity of his claimed mental incompetence. A hearing on this issue is not warranted.

8

III

In conclusion, after reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court is in agreement with Judge Ingram's analysis as to Morris' claims for statutory and equitable tolling, as well as his request for an evidentiary hearing. The Court has reviewed and also agrees with the Magistrate's initial conclusion that Morris' petition was not filed within the one-year limitations period, a conclusion to which Morris did not object.

The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . ." Rules Governing Section 2254 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this Order, which adopts and incorporates by reference the Magistrate Judge's recommended disposition, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Petitioner's Objections to the Magistrate's Report and Recommendation [R. 9] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [**R. 8**] is **ADOPTED** as and for the opinion of this Court;

3. The Petitioner's § 2254 Petition [**R. 1**] in is **DISMISSED WITH PREJUDICE**;

    4.       A Certificate of Appealability is **DENIED** as to all issues raised by Petitioner; and

    5.       **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith.

This the 30th of September, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge